## Seventeenth Street Land Company v. Hustead et al.

*Judgment—United States Court—Lien — Lands — Necessity of filing in prothonotary's office of Court of Common Pleas—Acts of June 5, 1913, and June 24, 1895.*

A judgment obtained in the United States District Court is a lien upon the lands of the defendant situate in the county in which the judgment is rendered, without an exemplification of the record of the judgment being filed in the prothonotary's office of the Court of Common Pleas of the county, notwithstanding the Act of June 5, 1913, P. L. 418, which applies to other counties than those in which the judgment is obtained, where the Act of June 24, 1895, P. L. 247, still applies.

Submitted Oct. 22, 1918. Appeal, No. 105, Oct. T., 1918, by defendant, Robert M. Carroll, from decree of C. P. Allegheny Co., July T., 1916, No. 2348, in equity, dismissing exceptions to a Master's Report distributing fund realized from the sale of lands in partition proceedings in case of Seventeenth Street Land Company, a Corporation, v. James M. Hustead et al., Robert M. Carroll, Trustee of Edgar R. Beal, a Judgment Lien Creditor of William Hankins, one of the defendants. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Bill in equity for partition of lands. Before CARNAHAN, J.

J. B. Orr, Esq., was appointed master to sell the lands and to report a schedule of distribution.

The court dismissed the exceptions to the master's report making distribution of the fund, in the following opinion by CARNAHAN, J.:

The question raised by the exceptions is whether certain judgments obtained in the United States District Court for the Western District of Pennsylvania, sitting at Pittsburgh, Allegheny County, Pennsylvania, are liens upon land of defendants, situate in Allegheny County, Pennsylvania, without exemplification of the records of said judgments having been filed in the prothonotary's office of the Court of Common Pleas of Allegheny County.

At the argument, we were of opinion that such judgments were liens, and we therefore dismissed the exceptions.

Prior to the Act of Congress of August 1, 1888, they were liens upon the land within the territorial limits of the jurisdiction of the court: Bayard v. Lombard & Whitemore, 50 U. S. 528; In re McGill, 6 Pa. 504.

The Act of Congress of August 1, 1888, gave to judgments of the United States Courts the same effect given by the states to the judgments of their own courts.

The Act of General Assembly of Pennsylvania, approved June 24, 1895 (P. L. 247), contains this proviso, which in no sense conflicts with the Act of Congress, and is clearly within the power of the State to enact:

"Provided, That nothing herein contained shall be construed to require the docketing of a judgment or a decree of a United States Court, or the filing of a transcript thereof, in or within the same county in which the judgment or decree is rendered by such United States Court."

Unless there be subsequent legislation, either by Congress or the State, which, in some manner or to some extent, limits the effects of judgments of the United States Courts, as respects their lien in the State, these judgments are liens in Allegheny County, notwithstand-

ing exemplifications of their records have not been filed in the prothonotary's office of the Court of Common Pleas of said county.

There is no later act of Congress on the subject, which appears to bear upon the question of such liens, and there is but one act of the General Assembly of Pennsylvania, relating to judgments and decrees of United States Courts. This act was approved June 5, 1913 (P. L. 418), and is as follows:

"AN ACT

"To provide for the filing, docketing, and indexing of judgments and decrees of the District and Circuit Courts of the United States.

"Section 1. Be it enacted, &c., That it shall be the duty of the respective Prothonotaries of the several Courts of Common Pleas of this Commonwealth, upon payment of the fees allowed by law for similar services, to receive and file of record in said courts all judgments and decrees rendered in any District or Circuit Court of the United States, when the same are presented duly certified by the Clerk of the Court in which any such judgment or decree has been rendered, and to docket and index as liens each of said judgments and decrees, with and in the same manner as judgments and decrees recovered or entered in the said Court of Common Pleas are respectively required to be docketed and indexed in order to make the same liens upon real estate."

The Act of 1913 does not repeal the Act of 1895. It simply provides for the filing, docketing, and indexing of judgments and decrees of the Federal Courts "when the same are presented duly certified by the clerk of court in which any such judgment or decree has been rendered."

In some cases, in order to give effect to the judgment, it should be duly certified to the county or counties where the land is situate, but not to the county in which the

judgment or decree is rendered by the United States Court.

For these reasons, the exceptions to the master's report were dismissed and the report was confirmed.

Robert M. Carroll, one of the defendants, appealed.

*Error assigned* was the order of the court dismissing exceptions to the master's report.

*Henry A. Jones,* for appellant.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* for appellee.

PER CURIAM, January 4, 1919:

This appeal is dismissed and the decree affirmed, at the cost of the appellant, on the opinion of the learned court below dismissing the exceptions to the report of the master.